**Robert SOLANO, Petitioner,**

v.

**U.S. PAROLE COMMISSION, Commissioner, New Jersey Department of Corrections, Warden, Passaic County Jail, Defendants.**

**Civ. No. 87–1763 HL.**

United States District Court, D. Puerto Rico.

Feb. 4, 1988.

Robert Solano, pro se.

## ORDER

LAFFITTE, District Judge.

Petitioner was sentenced by this Court to three years imprisonment on July 30, 1986. While serving this sentence in a federal prison in Missouri, petitioner apparently was convicted of a separate offense in the state courts of New Jersey, the five year sentence imposed there to run consecutively to the federal sentence. On October 12, 1987 petitioner was transferred from the federal prison in Missouri to Passaic County Jail in New Jersey. Petitioner's allegation that the transfer was premature serves as the apparent grounds for bringing a habeas corpus action under 28 U.S.C. sects. 2241 and 2254, as well as a claim for sect. 2255 relief.

■ In the first place, this Court has no jurisdiction to hear petitioner's claim under sects. 2241 and 2254. In order to attack the constitutionality of the sentence on his *state* court conviction under sect. 2254, if indeed that is what petitioner is attacking, sect. 2241(d) requires that the petition be made in either the federal district where the sentence was imposed or where the petitioner is in custody. That would be New Jersey, not Puerto Rico. In addition, sect. 2241(a) has been interpreted to require that a petitioner's custodian be within the territorial jurisdiction of the U.S. District Court in which the habeas corpus petition is filed. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (1973). The custodians of petitioner for his state sentence are New Jersey corrections officials. They cannot be reached by service of process issued by a District Court in

Puerto Rico. Accordingly, petitioner's habeas corpus claim under sects. 2241 and 2254, relating to his state sentence, against the Warden and Commissioner in New Jersey must be dismissed for lack of jurisdiction.

Secondly, this Court also lacks jurisdiction to entertain the petition for a writ of habeas corpus insofar as petitioner is alleging that "[h]e is in custody under or by color of the authority of the United States." 28 U.S.C. sect. 2241(c)(1). Petitioner alleges that he was removed to jail in New Jersey prematurely. He claims that although he is in a New Jersey correctional facility, yet he continues to serve his federal sentence. Since the sentences are consecutive, and petitioner presumes he continues under the federal sentence until March 1989, petitioner further presumes that he is serving the federal sentence in New Jersey. Hence the alleged constitutional violation, serving a nonconcurrent federal sentence in a New Jersey state facility.

Under the scenario petitioner paints New Jersey prison officials would be acting as agents for federal prison officials and the claim would in reality be against petitioner's imputed, federal custodians, *see* Braden, *supra*, 410 U.S. at 498–499, 93 S.Ct. at 1131–1132, whoever and wherever they be. But petitioner has not named as respondents the agents' principal, federal prison custodians, in Missouri or anywhere else. Those in Missouri, at least, would not be within this Court's territorial jurisdiction anyway. Instead, petitioner has named the U.S. Parole Commission as a respondent. Like the entirety of petitioner's claim, the reason for this is unclear. If petitioner is on parole from his federal sentence, which is probably the most likely explanation for his removal to New Jersey, and is thus serving only the state sentence in New Jersey, the factual underpinning of his sect. 2255 federal custody claim falls completely away and the Court lacks jurisdiction. If, on the other hand, plaintiff is objecting to a denial of parole, that claim must be brought in the district of incarcer-

ation. *Billiteri v. U.S. Board of Parole,* 541 F.2d 938 (2nd Cir.1976).

Finally, petitioner brings a claim under 28 U.S.C. sect. 2255, which allows a "prisoner in custody under sentence of a [federal] court" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." Here, in conformity with the statute requirements, petitioner alleges he is in custody under a sentence imposed by this Court. Because territorial jurisdiction requirements of the habeas corpus statute, sect. 2241–2254, do not apply to sect. 2255, it matters not that petitioner's custodians cannot be reached by service of process issued by this Court. Jurisdiction lies to entertain petitioner's sect. 2255 claim.

■ Petitioner fails, however, to state a claim under sect. 2255 upon which relief can be granted. Section 2255 does not offer relief on "a post-conviction claim attacking the execution, rather than the imposition of illegality of the sentence." *United States v. DiRusso,* 535 F.2d 673, 674 (1st Cir.1976). Section 2255 claims are made exclusively to the sentencing court for the very reason that the only challenges allowed thereunder are to the constitutionality of the imposition of the sentence, to the jurisdiction of the court to impose the sentence, that the sentence was in excess of the maximum authorized by law, and to collaterally attack the sentence. Here, petitioner's cause of action is his transfer among prisons, in other words, the execution of his sentence. He does not attack the imposition of the three year sentence by the Court. "The proper vehicle for attacking the execution of sentence ... is 28 U.S.C. sect. 2241," *U.S. v. DiRusso,* supra at 675, a claim under which we have decided we lack jurisdiction.

WHEREFORE, the petition for a writ of habeas corpus is hereby DENIED and the case is DISMISSED.

IT IS SO ORDERED.